IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. CAROL EDITH PRETTY ON TOP, Defendant. | CR 15-47-BLG-SPW-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Carol Edith Pretty On Top (Pretty On Top) has been accused of violating the conditions of her supervised release. Pretty On Top admitted all of the alleged violations, except one. Pretty On Top's supervised release should be revoked. Pretty On Top should be placed in custody for 3 months, with 30 months of supervised release to follow. Pretty On Top should serve the first 60 days of supervised release at Passages in Billings, Montana.

## II. Status

Pretty On Top pleaded guilty to Assault Resulting in Serious Bodily Injury on October 5, 2015. (Doc. 31). The Court sentenced Pretty On Top to 36 months of custody, followed by 3 years of supervised release. (Doc. 35). Pretty On Top's

term of supervised release began on December 21, 2018. (Doc. 55 at 2).

**Petition**

The United States Probation Office filed an Amended Petition on March 12, 2019, requesting that the Court revoke Pretty On Top's supervised release. (Doc. 57). The Amended Petition alleged that Pretty On Top had violated the conditions of her supervised release: 1) by consuming alcohol; 2) by using a controlled substance; 3) by failing to abide by the rules of the Great Falls Transition Center; and 4) by possessing a controlled substance.

**Initial appearance**

Pretty On Top appeared before the undersigned for her initial appearance on March 13, 2019. Pretty On Top was represented by counsel. Pretty On Top stated that she had read the petition and that she understood the allegations. Pretty On Top waived her right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on March 13, 2019. Pretty On Top admitted that she had violated the conditions of his supervised release: 1) by consuming alcohol; 2) by using a controlled substance; and 3) by failing to abide by the rules of the Great Falls Transition Center. Pretty On Top did not admit or

deny alleged Violation No. 4. The government did not meet its burden of proof with respect to alleged Violation No. 4. The violations that Pretty On Top admitted are serious and warrant revocation of Pretty On Top's supervised release.

Pretty On Top's violations are Grade C violations. Pretty On Top's criminal history category is I. Pretty On Top's underlying offense is a Class C felony. Pretty On Top could be incarcerated for up to 24 months. She could be ordered to remain on supervised release for up to 33 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Pretty On Top's supervised release should be revoked. Pretty On Top should be incarcerated for 3 months, with 30 months of supervised release to follow. This sentence is sufficient but not greater than necessary. The supervised release conditions imposed previously should be continued.

### IV. Conclusion

The Court informed Pretty On Top that the above sentence would be recommended to Judge Watters. The Court also informed Pretty On Top of her right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Pretty On Top that Judge Watters would

consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose. Pretty On Top stated that she wished to waive her right to object to these Findings and Recommendations, and that she wished to waive her right to allocute before Judge Watters.

The Court **FINDS:**

> Carol Edith Pretty On Top violated the conditions of her supervised release by consuming alcohol, by using a controlled substance, and by failing to abide by the rules of the Great Falls Transition Center.

The Court **RECOMMENDS:**

> The District Court should revoke Pretty On Top's supervised release and commit her to the custody of the United States Bureau of Prisons for a term of 3 months, with 30 months of supervised release to follow. Pretty On Top should serve the first 60 days of supervised release at Passages in Billings, Montana.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify,

in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

Dated this 14th day of March, 2019.

/s/ John Johnston
John Johnston
United States Magistrate Judge